USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/29/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
ARMANDO COLON,                                             :
                                                           :
                                    Petitioner,            :
                                                           :           17-CV-4671 (VSB) (KNF)
                  -v-                                      :
                                                           :           **OPINION & ORDER**
WILLIAM KERSEY,                                            :
                                                           :
                                    Respondent.            :
                                                           :
-----------------------------------------------------------X

Appearances:

Armando Colon
Staten Island, New York
*Pro se Petitioner*

Nicole A. Neckles
Bronx County District Attorney's Office
Bronx, NY
*Counsel for Respondent*

VERNON S. BRODERICK, United States District Judge:

Pro se Petitioner Armando Colon filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 19, 2017 (the "Petition").[1] (Doc. 2.) On December 20, 2017, Respondent filed a motion to dismiss the Petition on the basis that Petitioner failed to comply with the applicable statute of limitations. (Docs. 10–12.) Before me are the Report and Recommendation of United States Magistrate Judge Kevin Nathaniel Fox, filed on August 9, 2018 (the "Report and Recommendation," "Report," or "R&R," Doc. 22), and Petitioner's objections to the Report and Recommendation, filed on October 2, 2018 ("Objections" or "Obj.,"

---

[1] A prisoner's filings are deemed filed on the date they are delivered to prison officials for mailing. *See Hodge v. Greiner*, 269 F.3d 104, 106 (2d Cir. 2001). Therefore, I treat the signature date on documents filed by Petitioner as the presumptive filing date of those documents.

Doc. 25).[2] Because I agree with the Report, I overrule Petitioner's Objections and ADOPT the Report and Recommendation in its entirety. Accordingly, Respondent's motion to dismiss the petition for a writ of habeas corpus is GRANTED.

The factual and procedural history is set out in the Report, familiarity with which is assumed, and I set forth only the history necessary to this Opinion & Order. On July 7, 1982, Petitioner was convicted in New York Supreme Court, Bronx County of second-degree murder, second-degree kidnapping, first-degree robbery, and second-degree possession of a weapon. He was sentenced to an indeterminate term of imprisonment of twenty-five years to life for the murder conviction, to run consecutively to two concurrent indeterminate terms of imprisonment of twelve-and-a-half to twenty-five years for the robbery and kidnapping convictions, respectively.

On appeal, the Appellate Division affirmed Petitioner's conviction and sentence. *See People v. Colon*, 116 A.D.2d 1043 (1st Dep't 1986). On May 23, 1986, the New York Court of Appeals denied leave to appeal. *People v. Colon*, 67 N.Y.2d 1051 (1986). Petitioner filed his petition for a writ of habeas corpus on June 19, 2017, (Doc. 2); Respondent filed his motion to dismiss and supporting papers on December 20, 2017, (Docs. 10–12), Petitioner filed his opposition on January 5, 2018, (Doc. 15), and Respondent filed his reply on January 18, 2018, (Doc. 17).[3]

---

[2] At Petitioner's request, I granted the parties an extension through September 24, 2018 to file written objections to the R&R. (Doc. 24.) Respondent did not file objections. Petitioner submitted his Objections on October 2, 2018. (Doc. 25.) Although Petitioner's Objections are untimely, I have nonetheless considered them.

[3] On January 23, 2018, Petitioner was released on parole. However, because he remains under the supervision of the New York State Department of Corrections and Community Supervision, Petitioner is deemed to be "in custody" within the meaning of 28 U.S.C. § 2254, and the Court therefore retains jurisdiction to evaluate his Petition. *See United States v. Rutigliano*, 887 F.3d 98, 106 (2d Cir. 2018) ("[T]he Supreme Court has recognized parole to constitute a sufficiently severe restraint on individual liberty to keep a defendant in the state's 'custody' as that word is used in the federal habeas statutes." (citing *Jones v. Cunningham*, 371 U.S. 236, 243 (1963)).

## I. Legal Standards

### A. *Review of Magistrate Judge's Report*

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "If a party timely objects to any portion of a magistrate judge's report and recommendation, the district court must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Bush v. Colvin*, No. 15 Civ. 2062 (LGS) (DF), 2017 WL 1493689, at *4 (S.D.N.Y. Apr. 26, 2017) (quoting *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015)). However, where a Petitioner "makes only conclusory or general objections, or simply reiterates his original arguments," review is for clear error. *Bussey v. Rock*, No. 12-CV-8267 (NSR) (JCM), 2016 WL 7189847, at *1 (S.D.N.Y. Dec. 8, 2016). "Even where exercising de novo review, a district court 'need not specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety.'" *Bush*, 2017 WL 1493689, at *4 (quoting *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order)).

### B. *AEDPA Statute of Limitations*

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A), an individual in state custody must petition for a writ of habeas corpus within one year of the date that the challenged judgment of conviction became final.[4] This one-year limitations period is subject to equitable tolling in cases where a petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

---

[4] Here, because Petitioner's conviction became final prior to April 24, 1996—the date AEDPA took effect—he was required to submit his habeas corpus petition no later than April 24, 1997. *See Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998) (holding that prisoners whose convictions became final prior to effective date of AEDPA had grace period of one year in which to file petitions pursuant to 28 U.S.C. § 2254).

his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Equitable tolling, however, "applies only in the rare and exceptional circumstance." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (internal quotation marks omitted).

### C. *Pro Se Submissions*

"*Pro se* parties are generally accorded leniency when making objections." *Hill v. Miller*, No. 15 Civ. 6256 (KMW)(JCF), 2016 WL 7410715, at *1 (S.D.N.Y. Dec. 21, 2016) (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)). "Nonetheless, even a *pro se* party's objections to an R & R must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.*

## II. Discussion

Petitioner's Objections are general in nature and restate arguments previously made in his memorandum of law in opposition to Respondent's motion to dismiss, (Doc. 15). As a result, Petitioner's arguments merit review only for clear error, *see, e.g.*, *Bussey*, 2016 WL 7189847, at *2. However, I will undertake de novo review in an abundance of caution and in the interest of fairness to the pro se Petitioner. *See Bingham v. Duncan*, No. 01-CV-1371 (LTS) (GAY), 2003 WL 21360084, at *1 (S.D.N.Y. June 12, 2003).

### A. *AEDPA Statute of Limitations*

Petitioner concedes that his Petition was filed outside the limitations period set forth in § 2244(d)(1), but argues that he is entitled to equitable tolling of the statute of limitations because he suffers from a mental disability. (Obj. ¶ 2.) While a mental disability can serve as a ground for equitable tolling of AEDPA's statute of limitations, "a habeas petitioner must

4

demonstrate that h[is] particular disability constituted an 'extraordinary circumstance' severely impairing h[is] ability to comply with the filing deadline, despite h[is] diligent efforts to do so." *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010).

Here, Petitioner notes that he is legally blind, hearing impaired, and has received mental health treatment, (Obj. ¶ 10), but he neither indicates when he began suffering from these medical and psychological conditions nor explains how they prevented him from filing the instant Petition for more than twenty years. In fact, during this same time period, Petitioner filed multiple pro se motions in state court seeking to vacate his judgment of conviction, pursuant to N.Y. Crim. Proc. L. § 440. (*See* Neckles Decl. Exs. 21 (filed July 8, 1998); 26 (filed April 19, 1999); 31 (filed January 15, 2002); 34 (filed July 12, 2005).)[5] He also filed numerous collateral challenges in both state and federal court to a separate judgment of conviction under Bronx County Indictment No. 1918/77, *People v. Colon*, 512 N.Y.S.2d 809 (1st Dep't 1987), *appeal denied*, 70 N.Y.2d 750 (1987). (*See* Neckles Decl. Exs. 21, 26, 31, 34; *Colon v. McClellan*, No. 91-cv-6475 (S.D.N.Y.).) Petitioner's extensive participation in post-conviction litigation throughout the period he seeks to have tolled wholly undermines his contention that his health problems rendered him unable to timely file the instant Petition. Accordingly, I find that Petitioner has failed to establish that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely seeking federal habeas relief. *See Holland*, 560 U.S. at 649. Petitioner is therefore not entitled to equitable tolling, and the Petition is untimely pursuant to 28 U.S.C. § 2244(d)(1).

---

[5] "Neckles Decl." refers to the Declaration of Nicole Neckles in Support of Respondent's Motion to Dismiss, dated December 20, 2017. (Doc. 11.) Assuming Petitioner's motions to vacate his conviction were properly filed, none operated to toll AEDPA's statute of limitations as there was no § 440 motion pending during the one-year limitations period, from April 24, 1996 to April 24, 1997. *See* 28 U.S.C. § 2244(d)(2) (establishing that the time during which a properly filed application for state post-conviction relief is pending shall not be counted toward AEDPA's one-year limitations period).

### B. *Actual Innocence*

Petitioner also asserts a claim of actual innocence in his Objections, which Petitioner contends avoids the application of § 2244(d)(1)'s statute of limitations, or in the alternative, merits an evidentiary hearing. (Obj. ¶¶ 8–9.) Petitioner correctly notes that AEDPA's statute of limitations can be overcome by a showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, to invoke this "miscarriage of justice" exception to AEDPA's statute of limitations, a petitioner must introduce "new evidence show[ing that] 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Id.* at 394–95 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

As an initial matter, the Petition itself contains no claim of actual innocence. In fact, Petitioner effectively concedes his guilt, stating that "[w]hile technically 'sufficient' as a matter of law, the [P]eople's case[] was only as credible as its two sleazy star witnesses, [and] was anything but 'overwhelming,' as the jury's verdict demonstrates that is why the errors at trial assume such importance." (Doc. 15, ¶ 15.) Rather than asserting a claim of actual innocence, Petitioner merely challenges the fairness of his trial and the credibility of the prosecution's witnesses. (*Id.* ¶¶ 15–19.) These allegations do not amount to "new evidence" of Petitioner's innocence, and they fall far short of satisfying the high bar set forth in *McQuiggin* for circumventing AEDPA's one-year limitations period. Finally, because Petitioner has not established his actual innocence by clear and convincing evidence, there is no basis for the evidentiary hearing Petitioner seeks. *See McQuiggin*, 569 U.S. at 396 (citing 28 U.S.C. § 2254(e)(2)(B)).

### III. Conclusion

Having reviewed the Report and Recommendation, as well as other materials in the record, I am in complete agreement with Judge Fox and hereby ADOPT the Report and Recommendation in its entirety. Respondent's motion to dismiss the Petition, (Doc. 10), is GRANTED. The Clerk of Court is respectfully directed to terminate the pending motion at Doc. 10 and close the case.

Because Petitioner has not made a "substantial showing of the denial of a constitutional right," no certificate of appealability shall issue. 28 U.S.C § 2253(c)(2).

SO ORDERED.

Dated: November 29, 2018
       New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge